

JOHN L. HILL
ATTORNEY GENERAL

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN, TEXAS 78711

August 15, 1975

The Honorable James E. Laney
Chairman
House Administration Committee
House of Representatives
State Capitol
Austin, Texas    78711

Opinion No. H- 666

Re: Effect of a Representative's charging expenditure to the State in excess of the amount authorized by law.

Dear Representative Laney:

You have asked our opinion on the applicability of article 39.01, Penal Code, to a situation in which a member of the House of Representatives charges expenditures to the House in excess of amounts authorized.

The Legislature may provide by resolution for reimbursement of members' official expenses during the interim between legislative sessions. Legislature Reorganization Act of 1961, V. T. C. S.   art. 5429f, § 21; Terrell v. King, 14 S. W. 2d 786 (Tex. Sup. 1929); Attorney General Opinions M-112 (1967), M-104 (1967) and M-101 (1967). The House of Representatives of the 64th Legislature has enacted H. S. R. No. 4 which provides in part:

> RESOLVED, That each member of the House of
> Representatives of the 64th Legislature be allowed
> a monthly operating budget for office staff and other
> operating expenses, including, but not limited to,
> office supplies, office equipment, postage, postage
> credit in an amount not to exceed a total of $3,000 at
> any one time, printing, telephone, travel, and other
> expenditures as authorized by the Committee on House
> Administration and subject to the following:
>
> (1)  the budget shall not exceed the sum of $4,000 per
> month during the regular or called session;
>
> (2)  the budget shall not exceed the sum of $3,000 per
> month when the legislature is not in session;

(3)   the unexpended balance of a monthly budget
shall not carry forward to the next month or succeeding
months and all expenditures shall be charged against
the budget for the month in which they were encumbered.
A returning member of the house may be allowed to carry
over an accumulated sum not to exceed $3,000 from the
previous session;

. . . .

You have specifically asked whether a violation of section 39.01 of the
Penal Code could occur if a member of the House had exhausted any funds
carried over from a previous session and charged expenditures to the House
of more than $3,000 in a month in which the Legislature is not in session.
Your question is limited to expenditures made for official purposes and does
not extend to totally private expenses which might be charged to the State.
Section 39.01 provides in part:

(a)   A public servant commits an offense if, with intent
to obtain a benefit for himself or to harm another, he
intentionally or knowingly:

(1)   commits an act relating to his office or
employment that constitutes an unauthorized exercise
of his official power;

(2)   commits an act under color of his office or
employment that exceeds his official power;

. . . .

(b)   For purposes of Subsection (a)(2) of this section, a
public servant commits an act under color of his office or
employment if he acts or purports to act in an official
capacity or takes advantage of such actual or purported
capacity.

(c)   An offense under Subsections (a)(1) through (a)(4) of this
section is a Class A misdemeanor . . . .

A Representative's authority to charge expenditures to the State is limited by H.S.R. No. 4.   When he goes beyond the limits established in that resolution he exceeds his official power.   Thus, in our opinion the act of intentionally or knowingly charging expenditures to the State beyond those authorized in H.S.R. No. 4 could constitute a violation of section 39.01. The converse of this principle is that an expenditure made solely due to carelessness or negligence would not constitute a violation of section 39.01, even though it could give rise to civil litigation.   Of course, whether a violation occurs in an individual case depends on the facts of the particular case.

### SUMMARY

A member of the House of Representatives who intentionally or knowingly charges expenditures to the State in excess of the amount authorized by H.S.R. No. 4 could be subject to prosecution under section 39.01 of the Penal Code.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb